UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                              Case No. 17-cr-20056
                                                  HON. MARK A. GOLDSMITH

WILLIAM ANDREW DENNIS,

      Defendant.

_____/

**OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR BOND PENDING TRIAL (Dkt. 18)**

This matter is before the Court on Defendant William Andrew Dennis's motion for bond pending trial (Dkt. 18). The issue has been briefed, and the Court held a hearing on March 21, 2017. For the reasons discussed below, the Court denies Dennis's motion for bond.

### I. BACKGROUND

Dennis has been charged by way of indictment with one count of possession of controlled substances with intent to distribute, 21 U.S.C. § 841(a)(1), and one count of possession of firearms and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (Dkt. 12). Under the Bail Reform Act, Dennis is presumed to be both a danger to the community and a flight risk. See 18 U.S.C. § 3142(e)(3)(A).

**A. Information Proffered by the Government**

In its briefing, and at the hearing, the Government offered the following information, which the Court finds to be credible.

1

On December 6, 2016, local law enforcement in Warren, Michigan, obtained a search warrant for Dennis's home, located at 25128 Wagner. Probable cause for the search warrant was based on information received from two confidential sources. Those sources both identified Dennis as a trafficker of heroin and crack cocaine. Probable cause for the warrant was also based on surveillance of Dennis's previous visit to a known drug stash house in Detroit and a search of Dennis's trash, which uncovered evidence of drug possession and trafficking.

Prior to the execution of the search warrant, Dennis was found in possession of a small amount of crack cocaine, approximately $2,000 in cash, and two cell phones. Upon entering the home, the officers discovered two more grams of crack cocaine, a digital scale, and a cell phone in the kitchen. A .22 caliber rifle, 23.6 grams of marijuana, and a nine millimeter handgun with an extended magazine and sound suppressor were found in the living room of the home. The officers also discovered a 12 gauge shotgun, four grams of heroin, and a Ferndale Police Department police uniform with sergeant stripes in three bedrooms of the home. Finally, the officers found a .22 caliber round of ammunition in the basement storage closet and a package of .357 caliber bird shot rounds of ammunition in the rafters inside the garage.

Dennis was originally charged in state court. After the issuance of the federal complaint charging Dennis with possession of a firearm by a convicted felon (Dkt. 1), investigators returned to the house to place Dennis under arrest. Upon encountering Dennis, the investigators found $6,400 in cash in a plastic bag in his shorts. A drug-sniffing dog found evidence of drugs on the money. While being transported by the officers, Dennis stated that he only dealt crack cocaine and the firearms that had previously been found in his home belonged to his deceased son and had recently been taken out of storage.

B. Information Proffered by Dennis

By way of counsel's brief and argument at the hearing, Dennis contends that he was subrenting a room in the basement of 25128 Wagner from his nephew, Cornelius Dennis. According to Dennis, the firearms found in the home belonged to his deceased son and were recently removed from a storage unit by Cornelius and brought into the home. Dennis maintains that he was unaware of the presence of firearms. Dennis notes that the heroin found in the home was found in a suit jacket, and that this jacket also belonged to his deceased son. Dennis concedes that the cocaine found in the home belonged to him, but he asserted that it was meant only for personal use. Further, Dennis notes that the marijuana found in the home was for his medicinal use.

Dennis denies that he was engaged in any drug trafficking and claims that his stop at a drug stash house was to resolve a dispute regarding his compensation for construction done at the house. Dennis also contends that the large quantities of cash found on him resulted from his recent sale of a Corvette. Finally, Dennis asserts that he was in possession of the police uniform because it was never picked up from his girlfriend's dry cleaning business.

## II. ANALYSIS

The district court having original jurisdiction over the matter reviews the magistrate's order of detention de novo pursuant to 18 U.S.C. § 3145.

Under the Bail Reform Act, it is presumed that the defendant is a flight risk and a danger to the community, which requires an order of pretrial detention, if there is probable cause to believe that the defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). An indictment is prima facie evidence that probable cause exists to believe that Dennis committed the crimes charged. United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010). An indictment charging

Dennis with one count of possession of controlled substances with intent to distribute, 21 U.S.C. § 841(a)(1), was returned on January 31, 2017.

Dennis must, therefore, rebut the presumption that he is a flight risk and a danger to the community. 18 U.S.C. § 3142(e)(3). This presumption imposes a "burden of production" on the defendant, and, while not a heavy burden, he must at least introduce some evidence. Stone, 608 F.3d at 945. The Government retains the "burden of persuasion." Id. Dennis has failed to present any evidence rebutting the presumption that he is a flight risk and danger to the community. The entirety of the brief in support of Dennis's motion is devoted to providing innocent explanations for the evidence found during the course of the Government's investigation. At this stage, the Court is not tasked with determining the strength of the Government's evidence; it must determine whether any set of conditions can protect the community and ensure Dennis's appearance in court. Id.

Further, even if the presumption were rebutted, the Government has shown, by clear and convincing evidence, that Dennis is a danger to the community and that no condition or set of conditions can reasonably assure the safety of the community. The Bail Reform Act requires that the Court consider the following factors: (i) the nature and circumstances of the crimes charged; (ii) the weight of the evidence; (iii) the defendant's history and characteristics; and (iv) the nature and seriousness of the danger to any person or the community posed by the defendant's release.

Each crime charged weighs in favor of detention. Count I, possession of controlled substances with intent to distribute, 21 U.S.C. § 841(a)(1), is one of the offenses for which Congress has established a rebuttable presumption of detention. See 18 U.S.C. § 3142(e)(3)(A). Count II, possession of firearms and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1), is also of a serious nature, as its commission undermines the security and safety of the community.

4

Three guns were found in the home, including one with a sound suppressor and extended magazine.

In considering the weight of the evidence, the Court must weigh "the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." Stone, F.3d at 948. As noted by the Government, Dennis has been arrested for firearm and narcotics crimes three times while other charges were already pending. One of these arrests occurred while Dennis was on pretrial release in this very district. Further, the firearms and narcotics in this case were found in a home in which Dennis was the sole adult occupant.

Dennis's criminal history also weighs in favor of pretrial detention. Dennis received his first felony conviction following a 1990 arrest and has been in and out of the criminal justice system since. Most of Dennis's criminal activity has involved firearms and narcotics; this activity has only ceased during periods of incarceration.

Finally, the combination of firearms and narcotics underscores the serious danger that would be posed to the community by Dennis's pretrial release. As noted above, Dennis has shown a willingness to engage in criminal activity involving both drug trafficking and firearm possession even while on pretrial release. Each factor set forth in the Bail Reform Act weighs in favor of pretrial detention.

### III. CONCLUSION

For all of the above reasons, Dennis's motion for bond pending trial (Dkt. 18) is denied.

SO ORDERED.

Dated:  April 4, 2017						s/Mark A. Goldsmith
Detroit, Michigan						MARK A. GOLDSMITH
								United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 4, 2017.

                                                s/Karri Sandusky
                                                Case Manager